IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
*Senior District Court Judge Richard P. Matsch*

Civil Action No.: 1:11-cv-00853-RPM

CHARLES W. MCCLURE, an individual,

      Plaintiff,

v.

TOWN OF CENTER, a Colorado statutory town; and JULIO PAEZ,
individually, and in his official capacity as Trustee for the Town of Center;
MARK GARCIA, individually, and in his official capacity as Town Clerk for
the Town of Center, and SUSAN BANNING, individually; and,
PEGGY MARTINEZ, individually.

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

IT IS HEREBY STIPULATED AND AGREED, by and among the undersigned counsel

for the Plaintiff and the Defendants; and,

UPON A SHOWING OF GOOD CAUSE in support of the entry of a protective order to

protect the discovery and dissemination of confidential information and information that 1) may

be entitled to confidential treatment; 2) may otherwise intrude on the privacy interests of the

parties or third parties; or 3) which will improperly annoy, embarrass, or oppress any party,

witness, third party, or person providing discovery in this case,

      IT IS ORDERED that:

1. When a party withholds information required to be disclosed or provided in

discovery by claiming that it is privileged or subject to protection, the party shall make the claim

expressly, in advance, and shall describe the nature and content of the documents,

communications, or things not produced or disclosed, and will do so in a manner that will enable

other parties to assess the applicability of the privilege or protection asserted.

2. The party withholding information will describe the person, document or thing in a

"privilege / protection log" entry in that party's disclosure, together with a statement of the

objection to disclosing information from or concerning the person, document or thing.

3. Documents produced or exchanged by any of the parties to this action, or any of their

attorneys, and any information contained in responses to interrogatories or in any other

discovery, including but not limited to deposition testimony and deposition exhibits, which a

party in good faith believes contain confidential proprietary information, trade secrets, or

confidential personal or medical information, may be designated as confidential as indicated

above, and all documents and information so designated and all copies thereof (hereinafter

referred to collectively as "the Confidential Information"), shall be treated as confidential and

shall not be disclosed except as provided in paragraph 6 of this Order; PROVIDED, however,

that counsel for the party designating information as confidential may, in writing and without

Court approval, agree to release any of the Confidential Information from the requirements of

this Order.

4. After satisfying the requirements provided for in paragraphs 1 and 2 above,

documents shall be designated as confidential by placing or affixing on them (in a manner that

will not interfere with their legibility) the following or other appropriate notice: "Confidential."

Deposition testimony may be designated as confidential either orally on the record during a

deposition, or in writing after the completion of the deposition, provided that written notice of

the designation is promptly given to all counsel of record within thirty (30) days after notice by

the court reporter of the completion of the transcript.

5. Any party wishing to challenge the designation of any document or information as confidential by the other party may object to the designation by giving written notice to the party making such designation. The written notice shall identify the document or information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party asserting the privilege of confidentiality of the information to file an appropriate motion requesting that the Court determine whether the disputed document or information should be treated as confidential under this Protective Order no later than fifteen (15) business days after receiving notice of the objection. The disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion.

6. Neither the Confidential Information nor its contents shall be disclosed to any other person without the written agreement of the party designating information as confidential, except that counsel may, without further agreement, disclose the Confidential Information or its contents to the following persons for use solely in connection with this action under the following conditions:

(a) attorneys and legal assistants, whether employees or independent contractors, and to any employee of counsel's firms who shall handle the Confidential Information under normal office procedure;

(b) any person the attorneys in good faith believe will or may be requested or required to testify as a witness at deposition or trial ("Potential Witness"), provided that such Potential Witnesses shall be shown only Confidential Information that relates to issues of which

counsel reasonably believes the Potential Witness has some prior knowledge, and only such

Confidential Information as counsel deems reasonably necessary to allow for the full and fair

exploration and presentation of information possessed by the Potential Witness;

(c) experts or consultants retained by the parties with respect to this action;

(d) the parties;

(e) any court reporters present in their official capacity at any hearing,

deposition or other proceeding in this action;

(f) representatives of any insurance carrier involved in the litigation; and,

(g) the Court and its employees.

7. Prior to disclosing any Confidential Information to any person to whom

disclosure is permitted (such as persons employed by counsel, Court Personnel, and court

reporters), counsel shall provide to such person a copy of the Protective Order and obtain from

such person a written acknowledgment stating that they have read the Protective Order and agree

to be bound by its provisions. Counsel, including his office and/or client will not be responsible

for, nor can they control, warranty or guarantee what any third-party may do with such

Confidential Information.

8. Confidential Information shall not be used for any purpose unrelated to this

action.

9. The parties shall destroy or return all Confidential Information to the party who

designated it as such within thirty (30) days after the final resolution of this action.

10. The provisions of this order shall not limit the parties' ability to make use of

otherwise admissible Confidential Information at any stage of this litigation as necessary.

11. The confidentiality provisions of this Order shall survive any settlement, judgment or other disposition or conclusion of this action, and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order.

12. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

Dated July 24th, 2012.

BY THE COURT:

s/Richard P. Matsch

_____

Senior District Court Judge
Richard P. Matsch